UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| M.B., AS NEXT FRIEND OF J.B., A MINOR, | § § § | |
| | § | Cv. No. SA:12-CV-01133-DAE |
| Plaintiffs, | § § | |
| | § | |
| vs. | § § | |
| CAMP STEWART FOR BOYS, INC.; AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. d/b/a CAMP AMERICA; and SCOTT ASH JAMES ZIRUS, | § § § § § § § | |
| Defendants. | § | |

ORDER DENYING DEFENDANT ZIRUS'S MOTION TO DISMISS

Before the Court is Defendant Scott Ash James Zirus's Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (Doc. # 19.)  After considering the memoranda in support of and in opposition to the Motion, the Court, for the reasons that follow, **DENIES** Defendant Zirus's Motion to Dismiss.  (Doc. # 19.)

BACKGROUND

Plaintiff M.B. is next friend of J.B., a minor.  (Doc. # 1 ("Compl.") ¶ 1.)  Defendant Camp Stewart is an overnight camp for boys located in Kerr County, Texas.  (Id. ¶ 7.)  Defendant Scott Ash James Zirus ("Zirus") worked as a camp counselor at Camp Stewart during the camp's 2009 session.  (Id. ¶ 18.)  Defendant American Institute for Foreign Study d/b/a Camp America

1

("Camp America") is a worldwide for-profit organization that provides international staff to U.S. camps; it recruited Zirus, an Australian, to work at Camp Stewart.  (Id. ¶¶ 9, 11.)

During Camp Stewart's 2009 session, Zirus sexually assaulted J.B. and several other young boys.  (Id. ¶ 18.)  Zirus was arrested, and on April 10, 2010, he pleaded guilty in Texas state court to sexual assault of a child, sexual contact with a child, and continuous sexual abuse of a child younger than fourteen. (Doc. # 19 ("Mot.") at 1–2; id. Exs. A, B, C.)  Pursuant to a plea agreement, Zirus is currently serving a forty-year term of incarceration.  (Mot. at 2.)

On December 4, 2012, Plaintiff brought a civil action against Zirus, Camp Stewart, and Camp America in federal court.  (See Compl.)  The Complaint brought just one claim against Zirus: a claim for actual damages and attorney's fees under 18 U.S.C. § 2255(a), which provides a civil remedy for the victim of a violation of any of several statutes prohibiting child molestation, exploitation, and pornography.  (Compl. ¶ 21.)  Section 2255(a) provides:

> Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C. § 2255(a).  Plaintiff alleges that Zirus violated § 2241(c) when he "cross[ed] a state line with intent to engage in a sexual act with a minor under age 12" and that J.B. suffered personal injury as a result of such violation. (Compl. ¶¶ 19–21.)

On February 2, 2013, Zirus filed the Motion to Dismiss for Lack of Subject Matter Jurisdiction that is now before the Court.  (Doc. # 19.)  Zirus argues in the Motion that "Plaintiff has no basis for a federal private cause of action under § 2255(a)" because (1) "Zirus has not been convicted nor has he pled guilty to violating 18 U.S.C. § 2241(c)" (Mot. at 3); (2) even if a conviction is not a prerequisite, Plaintiff "has no evidence to satisfy the intent factor under 18 U.S.C. § 2241(c) (id. at 3–8); and (3) "as applied to him in this case, . . . § 2241(c) violates [Zirus's] constitutional rights as to Due Process, free speech and travel" (id. at 4).  Plaintiff filed a Response on March 8, 2013.  (Doc. # 23.)  Zirus filed a Reply on March 14, 2013.  (Doc. # 25.)

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. The plaintiff, as the party asserting jurisdiction, bears the burden of proving that subject-matter jurisdiction exists.  Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).  A district court may dismiss for lack of subject-matter

jurisdiction on any one of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Voluntary Purchasing Grps., Inc. v. Reilly, 889 F.2d 1380, 1384 (5th Cir. 1989). However, "a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

DISCUSSION

Section 2241(c) of Title 18, United States Code, criminalizes, inter alia, "cross[ing] a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years . . . ." Under 18 U.S.C. § 2255(a), "any person who, while a minor, was a victim of a violation of section 2241 . . . and who suffers personal injury as a result," may bring an action in federal court to recover actual damages and the costs of the suit. See 18 U.S.C. § 2255(a).

The Complaint alleges that Zirus is liable to J.B. under § 2255(a) because he "cross[ed] a state line with intent to engage in a sexual act" when he came to Texas from Australia and because Zirus sexually assaulted J.B. while J.B. attended Camp Stewart. (Compl. ¶¶ 7, 21.)

4

I.      <u>Zirus Need Not Have Been Charged With or Convicted of Violating 18
        U.S.C. § 2241(c) to Be Liable Under 18 U.S.C. § 2255(a)</u>

       Zirus first argues that he cannot be held liable under § 2255(a)
because he was never found guilty of violating 18 U.S.C. § 2241(c).  (Mot. at 3.)
Zirus points out that he "pled guilty to Texas state law crimes" but "was never
charged with a violation of federal criminal law."  (<u>Id.</u>)  "[B]ecause Zirus has not
been convicted nor has he pled guilty to violating 18 U.S.C. § 2241(c)," he insists,
"Plaintiff has no basis for a federal private cause of action under 18 U.S.C.
§ 2255(a)," and the claim should be dismissed for lack of subject-matter
jurisdiction.  (<u>Id.</u>)  Plaintiff responds that Zirus need not have been charged with or
convicted of violating 18 U.S.C. § 2241(c) to be liable under 18 U.S.C. § 2255(a);
he need only have committed the elements of that offense.  (Resp. ¶¶ 17–19.)

       The Court agrees with Plaintiff's interpretation.  The statute
authorizes suits by victims of "a violation of" § 2241(c).  18 U.S.C. § 2255(a).  It
does not specify whether "a violation" means "a conviction" or whether a
victim-plaintiff may prevail by proving by a preponderance of the evidence that the
defendant committed the elements of the offense.  Certainly, the term "violation"
does not <u>always</u> mean "conviction."  In <u>Sedima, S.P.R.L. v. Imrex Co., Inc.</u>, for
example, the Supreme Court, interpreting 18 U.S.C. § 1964—which authorizes a
private suit by "[a]ny person injured in his business or property by reason of a

5

violation of § 1962," the RICO statute—explained that "the term 'violation' does not imply a criminal conviction.  It refers only to a failure to adhere to legal requirements."  473 U.S. 479, 489 (1985) (citation omitted).  As the district court noted in Smith v. Husband, however, the Supreme Court's interpretation "relied upon the term's 'indisputable meaning elsewhere in the statute.'"  376 F. Supp. 2d 603, 610 (E.D. Va. 2005).  While Sedima makes clear that "violation" does not always mean "conviction," therefore, the Court must consider the term in the context of the statute at issue here.  Unfortunately, as the Smith court acknowledged, "[t]he instant statute does not provide a clear indication of the term's meaning elsewhere in the statute; nor do related statutes contain the words 'chargeable', 'indictable', or 'punishable' as did the statute at issue in Sedima."  Id. Accordingly, the Court turns next to the legislative history of the statute to determine whether it sheds any light on the meaning of the term "violation."

In Smith, the court set forth a thorough summary of the legislative history of § 2255, which was enacted as part of The Child Abuse Victims' Rights Act of 1986, Pub. L. No. 99–500, 100 Stat. 1783–39 (1986).  See Smith, 376 F. Supp. 2d at 611–12.  The court explained that "[i]n the early drafts of the legislation, the civil remedy was discussed as an amendment to the civil [RICO] statute that already provided for remedies to crime victims."  Id. at 611.  In other words, the legislation was originally discussed as an amendment to the same civil

RICO statute that the Supreme Court held in <u>Sedima</u> did <u>not</u> require a criminal

conviction as a prerequisite to liability.  <u>See</u> <u>Sedima</u>, 473 U.S. at 488.  In later

debates, a bill was proposed—still within the RICO statute—that stated: "Any

person injured (1) personally by reason of a violation of section 1962 of this

chapter if such injury results <u>from an act indictable</u> under section 2251 and 2252 of

this title (relating to sexual exploitation of children) . . . may sue therefor in any

appropriate United States district court . . . ."  <u>Smith</u>, 376 F. Supp. 2d at 211

(emphasis in original) (quoting 132 Cong. Rec. E1983–01 (daily ed. June 5,

1986)).  A later draft of the proposed legislation was entitled the Pornography

Victims Protection Act, and it contained a provision whereby a court could order a

perpetrator to divest himself of any profits received from his illegal activities or

dissolve any business enterprise associated with the activity.  <u>Id.</u> (citing 132 Cong.

Rec. E3242–02 (daily ed. Sept. 23, 1986) (statement of Rep. Green during

extension of remarks).  In his remarks before the House, Representative Green

presented an analysis of the text of the bill conducted by the American Law

Division of Congressional Research Services.  <u>Id.</u>  The analysis discussed the civil

remedies and explained that "for purposes of this section, <u>violations are to be</u>

<u>determined by a preponderance of the evidence</u>.  Successful plaintiffs are entitled

to recover the cost of the suit, including a reasonable attorney's fee, from those

found guilty of a violation."  <u>Id.</u> (emphasis added).  "Although that analysis was

not binding upon Congress in enacting the statute," the <u>Smith</u> court noted, "no subsequent drafts of the legislation contained language contrary to the interpretation provided."  376 F. Supp. 2d at 611.

This Court agrees with the <u>Smith</u> court that this discussion of the proposed bill is persuasive.  The American Law Division's analysis of a draft of the bill indicated that a "violation" under § 2255 was to be proven only by a preponderance of the evidence, and the earlier draft discussed in June 1986 provided that a victim could sue based on "an act indictable" under the statute. This language strongly suggests that it was not Congress's intention to make a conviction a prerequisite to a civil suit for damages.

Finally, Zirus points to no case law supporting his interpretation of § 2255(a), and the Court is aware of none.  Instead, the courts applying § 2255(a) have required only that the plaintiff allege that the defendant committed the elements of the predicate offense.  <u>See, e.g.</u>, <u>Doe v. Boland</u>, 698 F.3d 877 (6th Cir. 2012) (affirming $300,000 judgment for plaintiffs under § 2255(a) even though defendant was never convicted of the predicate offense); <u>J.W. v. Weems</u>, 2:11-CV-290, 2012 WL 5289481 (E.D. Tenn. Oct. 24, 2012) ("[T]he legislative history indicates that section 2255 does not require a criminal conviction as a prerequisite to its application."); <u>Doe v. Schneider</u>, 667 F. Supp. 2d 524, 529 (E.D. Pa. 2009) (holding that plaintiff adequately alleged claim under § 2255 by alleging

that defendant had violated a number of the predicate statutes and providing

"supporting facts"); <u>Doe v. Liberatore</u>, 478 F. Supp.2d  742, 755 (M.D. Pa. 2007)

("[I]n order to be subject to liability under section 2255, a defendant must be

proven to have violated at least one of the criminal statutes listed in section 2255

<u>by a preponderance of the evidence</u>.") (emphasis added); <u>Smith v. Husband</u>, 376 F.

Supp. 2d 603, 607 (E.D. Va. 2005) ("[T]he criminal conviction is not necessary for

Defendant to face civil liability for the underlying acts."); <u>see also</u> <u>Cisneros v.</u>

<u>Aragon</u>, 485 F.3d 1226, 1232 (10th Cir. 2007) (assuming that a criminal conviction

is not necessary for a defendant to face civil liability under § 2255).  Indeed, Judge

Xavier Rodriguez has rejected Zirus's argument at least twice: first, when Zirus

made the same argument in a case brought by some of Zirus's other victims, <u>see</u>

<u>S.M. v. Zirus</u>, No. 5:11-CV-645-XR, 2011 WL 4528490, at *2 (W.D. Tex. Sept.

28, 2011); and later, when Camp Stewart filed a nearly identical motion in yet

another case based on Zirus's actions at the camp, <u>see</u> <u>J.D. v. Zirus</u>, No.

5:11-CV-659-XR, 2012 WL 787054, at *2 (W.D. Tex. Mar. 6, 2012).

   In light of the language of the statute (which does not state that a

conviction is necessary), the legislative history (which suggests Congress did not

intend such a requirement), and the case law (which uniformly rejects Zirus's

argument), the Court concludes that Zirus need not have been convicted of

violating § 2241(c) to be civilly liable under § 2255(a).

II.     Plaintiff Has Adequately Alleged That Defendant Had the Requisite Intent

        Zirus's second argument is that even if a conviction under § 2441(c) is not a prerequisite to liability under § 2255(a), Plaintiff has not pleaded facts sufficient to satisfy each element of § 2241(c).  (Mot. at 3.)  Specifically, Zirus insists that the allegations in the Complaint are insufficient to prove that Zirus crossed a state line with the intent to engage in a sexual act with a minor under age twelve.  (Mot. at 4.)

        Zirus's argument is without merit.  The allegations in the Complaint, if proven, would be more than sufficient for a finder of fact to find by a preponderance of the evidence that Zirus came from Australia to Texas with the intent to engage in a sexual act with a minor under age twelve.  Specifically, Plaintiff asserts:

- that Zirus, while living in Australia, had written on the internet about the religion he created, Shadoran, which espoused approval of sex between people of all ages and genders (Compl. ¶ 12);

- that Zirus, before coming to the United States, had admitted to being sexually attracted to young boys (Id.);

- that Zirus accepted employment at Camp Stewart, where he would have access to and often be alone with boys under the age of 12 (id. ¶ 8);

- that during the 2009 session, Zirus sexually assaulted J.B., then age 6, and several other boys under the age of 12 (id. ¶ 18);

- that Zirus was arrested and pleaded guilty to charges of aggravated sexual assault of J.B. (id. ¶ 18); and

- that since Zirus's arrest, he has been charged with at least ten incidents of child sexual assault in Australia, all of which occurred before Zirus came to the United States to work at Camp Stewart (id. ¶ 19).

If these facts are proven at trial, a rational trier of fact could certainly find by a preponderance of the evidence that Zirus accepted employment at Camp Stewart specifically so that he could engage in sexual acts with boys under age twelve— and, therefore, that he crossed state lines (from Australia to Texas) with the requisite intent.  Even Zirus concedes that "the evidence concerning Zirus shows . . . that when he boarded the plane from Australia to Texas, he had an opinion that pedophilia was appropriate conduct."  (Mot. at 6–7.)  Accordingly, the Court rejects Zirus's argument that Plaintiff has not pleaded sufficient facts to satisfy each element of a violation of 28 U.S.C. § 2241(c)—and, therefore, his argument that this Court does not have subject-matter jurisdiction over the claim.  See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) ("[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.") (emphasis added); J.D. v. Zirus, 2011 WL 4528490, at *2 ("Plaintiff has pled the proper predicate statute (section 2241(c)) to section 2255, along with supporting facts. Accordingly, this Court has subject matter jurisdiction.").

III.   Zirus's Remaining Arguments

         Finally, Zirus insists that this Court does not have subject-matter jurisdiction because, "as applied to him in this case, . . . § 2241(c) violates his

11

constitutional rights as to Due Process, free speech and travel."  (Mot. at 4.)

None of these arguments has any merit.

Zirus's Due Process argument seems to be based on his contention

that "he is essentially being charged with having impure thoughts."  (Mot. at 4, 8.)

While even Zirus concedes that he did have "impure thoughts" before boarding the

plane to Texas (see Mot. at 6–7), § 2241(c) does not impose civil liability based on

impure thoughts alone; such liability is imposed based on the defendant's impure

acts.  Zirus does not deny that he molested J.B., and it is this act that gives rise to

liability, not Zirus's thoughts.  Accordingly, the Court rejects Zirus's argument that

§ 2241(c), as applied, violates his rights under the Due Process clause of the

Constitution and that this somehow strips the Court of subject-matter jurisdiction.

Next, Zirus argues that the documents he authored relating to the

"Shadoran" religion are "protected speech under the First Amendment to the

United States Constitution and [under] the Commonwealth of Australia

Constitution Act § 116."  (Mot. at 5.)  However, Zirus does not explain how

§ 2241(c), under which Plaintiff seeks to hold Zirus civilly liable for acts of child

molestation, unconstitutionally restricts his right to free speech.  Again, Plaintiff

does not seek to hold Zirus liable for his impure thoughts or even his impure

writings; Plaintiff seeks to hold Zirus liable for his illegal acts.  Plaintiff alleges in

the Complaint that Zirus wrote approvingly about sex between people of all ages

because that is an allegation that, if proven, would weigh in favor of a finding that Zirus came to Texas intending to engage in sexual relations with a child under age 12. Accordingly, the Court rejects Zirus's argument that § 2241(c) infringes on his free-speech rights and that this somehow strips the Court of subject-matter jurisdiction.

Zirus's final argument is that § 2241(c), as applied, unconstitutionally infringes upon his right to travel. He cites a number of cases interpreting the Anti-Sex Tourism Statute, 18 U.S.C. § 2423(b), conceding that the cases "stand for the proposition that a ban on extra[-]territorial sex tourism does not facially violate the constitution but that it is incumbent on the pleader to establish by sufficient factual allegations that the intent to commit those acts existed at the time of travel." (Mot. at 5.) "[M]ere bad thoughts combined with travel," insists Zirus, "will not suffice to support federal court jurisdiction." (Id.) Zirus argues that there is no evidence that he formed a specific intent to molest a child and that instead "it is clear that the primary purpose for coming to Texas was so that Mr. Zirus could get a job as a camp counselor . . . ." (Mot. at 6.)

First, whether Zirus's "primary purpose" in coming to the United States was to get a job is a question for the finder of fact, not a question to be resolved in a motion to dismiss for lack of subject-matter jurisdiction. Second, even assuming that Zirus has correctly interpreted the cases he cites, this Court

would still have subject-matter jurisdiction over Plaintiff's claim: Plaintiff has <u>not</u> alleged that this Court has subject-matter jurisdiction based on "mere bad thoughts combined with travel."  Instead, for the reasons given in Part II above, the Court has found that Plaintiff has pleaded, as Zirus demands, sufficient factual allegations to support a finding that Zirus specifically intended to engage in a sexual act with a minor under age twelve at the time he traveled to Texas. Accordingly, the Court rejects Zirus's final argument against federal subject-matter jurisdiction.

IV.   <u>Plaintiff's Collateral Estoppel Argument</u>

Plaintiff argues that Zirus's Motion should be denied because he is barred from relitigating this Court's subject-matter jurisdiction by virtue of the Agreed Final Judgment entered by Judge Rodriguez on November 29, 2012, in a case brought by other campers who claimed that Zirus molested them. (Resp. ¶¶ 5–8; <u>see also</u> <u>id.</u> Ex. C.)  Plaintiff insists that Camp Stewart's 12(b)(1) motion in that case "presented the same issue as that presented by Zirus's motion in this case," that Zirus was a party to that case, and that the issue was actually litigated.  (Resp. ¶ 8.)  "[T]he allegations in [the] Complaint in this case," insists Plaintiff, "are identical to those in the complaint Judge Rodriguez analyzed in the prior case, [so] collateral estoppel[] bars Zirus from re-litigating the issue of whether those allegations confer subject matter jurisdiction on this Court."  (<u>Id.</u>)

14

Because the Court has concluded that it does have subject-matter jurisdiction over Plaintiff's claims, however, it need not reach Plaintiff's argument that collateral estoppel bars Zirus from relitigating the issue.  See, e.g., Bickham Lincoln-Mercury Inc. v. United States, 168 F.3d 790, 795 ("Because we find that the plea agreement was not violated, we do not address the issue of whether Bickham's relitigation was barred by collateral estoppel."); Haynsworth v. The Corporation, 121 F.3d 956, 961 n.7 ("Because we affirm the Haynsworth judgment of dismissal on the merits of the forum selection clause, . . . we need not and do not reach any issues of collateral estoppel.").

<u>CONCLUSION</u>

For the reasons given, the Court **DENIES** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. # 19).

**IT IS SO ORDERED.**

**DATED:**  San Antonio, Texas, May 24, 2013.

_____
David Alan Ezra
Senior United States District Judge